**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| STATE OF OKLAHOMA, ex rel. KIM HOLLAND, Insurance Commissioner, As Receiver of Hospital Casualty Company, <br><br> Plaintiffs, <br> vs. <br><br> EMPLOYERS REINSURANCE CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) | NO. CIV-06-0426-HE |

## ORDER

Kim Holland, the Insurance Commissioner for the State of Oklahoma, instituted this action in state court in her capacity as Receiver of Hospital Casualty Company ("HCC") against defendant Employers Reinsurance Corporation ("ERC"). Pursuant to a state court order, she is liquidating HCCs assets and contends she is entitled to recover monies from ERC for certain claims under reinsurance policies ERC issued the insolvent insurer. The Receiver seeks declaratory judgments pertaining to insurance coverage, plus damages for breach of contract.[1]

ERC removed the case and the plaintiff has filed a motion urging the court to abstain from exercising its jurisdiction under the Burford doctrine,[2] and either stay or dismiss the

---

[1]*The plaintiff also asserts breach of an oral contract and an equitable estoppel claim.*

[2]*The Supreme Court held in Burford v. Sun Oil Co., 319 U.S. 315 (1943) that the federal court should abstain from exercising jurisdiction to review an order issued by the Texas Railroad Commission granting a drilling permit, to avoid disrupting the complex administrative system created to regulate the extraction of that state's oil and gas reserves.*

action. The plaintiff argues that abstention is appropriate under <u>Grimes v. Crown Life Ins. Co.</u>, 857 F.2d 699 (10th Cir. 1988), while the defendant relies on subsequent Supreme Court decisions, <u>New Orleans Pub. Serv., Inc. v. Council of New Orleans</u>, 491 U.S. 350 (1989) ("NOPSI") and <u>Quackenbush v. Allstate Ins. Co.</u>, 517 U.S. 706 (1996),[3] which, it asserts, refined the <u>Burford</u> doctrine.

In <u>Grimes</u> the Tenth Circuit applied <u>Burford</u> in a declaratory judgment suit brought by the Oklahoma Insurance Commissioner, as liquidator of United Equity Life Insurance Company ("UELIC"), regarding coverage under a reinsurance agreement issued by Crown Life Insurance Company ("Crown"). The court listed four factors that should be considered when determining whether abstention is appropriate:

> (1) whether the suit is based on an exclusively federal cause of action; (2) whether the suit requires the court to decide issues directly relevant to the liquidation proceeding or state policy in the regulation of the insurance industry; (3) whether state procedures reflect a desire to create special state forums to regulate and adjudicate these issues; and, (4) whether difficult or unusual state laws are at issue.

<u>Grimes</u>, 857 F.2d at 704-05. The plaintiff argues that application of these factors requires the court to abstain from deciding this case.

---

[3]*Although the Supreme Court was confronted with a <u>Burford</u> issue in an insurance liquidation case in <u>Quackenbush</u>, it did not have to decide whether the federal court should abstain because resolution of the case "might interfere with California's regulation of the Mission insolvency." <u>Quackenbush</u>, 517 U.S. at 709. Because the Commissioner conceded that the relief sought was neither equitable nor discretionary and because under Supreme Court precedents "federal courts have the power to dismiss or remand cases based on abstention principles only where the relief being sought is equitable or otherwise discretionary," <u>Quackenbush</u>, 517 U.S. at 731, the Court held that the "remand order was an unwarranted application of the <u>Burford</u> doctrine." Id.*

The first and third factors clearly weigh in favor of abstention.[4]  The court is not persuaded, though, that the case presents difficult or complex issues of state law. Although the plaintiff claims it includes a unique and difficult allocation issue, she has not shown there is "a hotly disputed question of state law," Quackenbush, 517 U.S. at 709, or that this case is anything more complex than an ordinary contract dispute.  *See* Grode v. Mutual Fire, Marine and Inland Ins. Co., 8 F.3d 953, 959 (3d. Cir. 1993); Crawford v. Employers Reinsurance Corp., 896 F.Supp. 1101, 1103 (W.D. Okla. 1995). That distinguishes this case from Grimes, which involved a "fundamental and important question of state law and policy" – the effect of the Insurance Commissioner's prior determination that a reinsurance agreement qualified to permit an insurer to transfer its liabilities to a reinsurer and, consequently, write more insurance on (1) the Commissioner's subsequent ability to collect from the reinsurer or (2) a subsequent judicial construction of the reinsurance agreement. Grimes, 857 F.2d at 705.  The question was one which the Tenth Circuit concluded "the Oklahoma County District Court should be allowed to answer in the first instance."  *Id.*[5] Because it had "major ramifications for the policyholders of insurers which eventually end up in insolvency proceedings," *id.*, the decision's effect would extend beyond the immediate

---

[4]*ERC does not discuss these factors in its brief.*

[5]*Another issue presented in* Grimes *was the applicability and effect of an Oklahoma statute defining a reinsurer's right of offset in a liquidation proceeding. The case before the court, however, does not appear to involve issues of statutory interpretation or require consideration of anything other than the parties' agreements, oral and written, and their conduct.*

parties to the lawsuit. That is not the situation here.

As for the remaining factor, Grimes clearly required the court to determine issues that were directly relevant to the state liquidation proceeding. Grimes, 857 F.2d at 706 ("[W]hether or not the statute [defining a reinsurer's right of offset in a liquidation proceeding] is applicable and what its provisions require are matters which are inseparably related to a state liquidation proceeding ...."). The relationship between this lawsuit and HCC's liquidation proceeding and/or state policy, however, is less direct. The Tenth Circuit did state in Grimes that "given the traditional federal deference provided to state receivership proceedings, coupled with complex and comprehensive procedures adopted for the liquidation of insolvent insurers pursuant to the provisions of the McCarran-Ferguson Act, most federal courts have declined to exercise jurisdiction in disputes like this one which present themselves in the larger context of state liquidation proceedings. Grimes, 857 F.2d at 703-04. However, after Grimes, the Supreme Court decided NOPSI, which several courts have concluded narrowed the range of cases to which Burford abstention properly applies. *See* Melahn v. Pennock Ins., Inc., 965 F.2d 1497, 1507 (8th Cir. 1992) ("Grimes was based mainly on Second Circuit authority which adopted a broad view of abstention") (internal quotation omitted); Crawford, 896 F.Supp. at 1103 (questioning the continued viability of Grimes in light of NOPSI).

In NOPSI, a local utility challenged a city council's order denying the utility's requested rate increase as being inconsistent with an order issued by the Federal Energy Regulatory Commission. The district court dismissed the case, holding that abstention was

compelled by Burford.[6] The Supreme Court disagreed, holding that abstention was improper because the case did not involve a state-law claim or a federal claim "entangled in a skein of state-law" and there was no serious threat that adjudicating the federal claim would conflict with the State's interest in ensuring uniformity in rate-making decisions. NOPSI, 491 U.S. at 361-62. The Court reiterated the narrow reach of Burford abstention, stating that the doctrine requires a federal court sitting in equity,[7] if timely and adequate state-court review is available, to "decline to interfere with proceedings or orders of state administrative agencies: (1) when there are 'difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result in the case then at bar;' or (2) where the 'exercise of federal review ... would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern.'" *Id*. at 361 (quoting Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 814 (1976)). *See generally* Sevigny v. Employers Ins. of Wausau, 411 F.3d 24, 27 (1st Cir. 2005) (NOPSI "contains a general reformulation of Burford ... that can be read expansively or narrowly and is ultimately ambiguous.").

NOPSI did not involve an insurance company liquidation, but courts have cited it when refusing to abstain in cases involving insolvent insurance companies in states with complex and specialized administrative schemes that regulate insurers. *E.g.* Grode, 8 F.3d

---

[6]*The district court held it lacked jurisdiction to entertain the action but that, if jurisdiction existed, it would have to abstain.*

[7]*Here, although the plaintiff seeks damages, she also requests declaratory relief.*

at 959; Melahn, 965 F.2d at 1505. The court is persuaded by the rationale of those decisions, which distinguish between suits against or involving insolvent insurance companies, whose resolution would interfere with a comprehensive liquidation scheme, and "simple contract actions that happen to involve such companies [but] are not matters of important regulatory concern or actions interfering with important state policies." Grode, 8 F.3d at 959.

This lawsuit will, as asserted by the plaintiff, affect the assets available to apply to the claims of the insolvent insurer, HCC. However, having a financial effect on HCC's liquidation, alone, is not enough to warrant abstention. Sevigny, 411 F.3d at 29 (if financial impact on a liquidation proceeding was a sufficient basis for abstention, "the Commissioner could invoke Burford in every federal suit between himself as liquidator and any third party who had a still-unsettled tort or contract dispute with the now-insolvent insurer, regardless of its actual disruptive effect upon the liquidation."). "While Burford is concerned with protecting complex state administrative processes from undue federal interference, it does not require abstention whenever there exists such a process, or even in all cases where there is a 'potential for conflict' with state regulatory law or policy." NOPSI, 491 U.S. at 362.

Having considered the Grimes factors and the Supreme Court's refinement of the Burford doctrine in NOPSI, the court concludes "[t]he issues presented by the removed case are not so intertwined with issues of agency authority or state regulatory policy that their federal-court resolution would imperil a complex regulatory scheme." Sevigny, 411 F.3d at 29. *Cf.* Clark v. Fitzgibbons, 105 F.3d 1049, 1051 (5th Cir. 1997) ("[A]llowing a creditor or claimant to proceed against an insolvent insurer in federal court while a state insolvency

proceeding is pending would usurp [the state's] control over the liquidation proceeding by allowing [the claimant] to preempt others in the distribution of [the insurance company's] assets.") (internal quotation omitted) (emphasis added).

Accordingly, the plaintiff's motion to remand is **DENIED**.

**IT IS SO ORDERED**.

Dated this 29th day of August, 2006.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE