IN THE DISTRICT COURT FOR OKLAHOMA COUNTY
STATE OF OKLAHOMA

FILED IN THE DISTRICT COURT
OKLAHOMA COUNTY, OKLA.

AUG - 6 2004

PATRICIA PRESLEY, COURT CLERK
by _____
                    Deputy

| | |
|---|---|
| STATE OF OKLAHOMA, ex rel, **CARROLL FISHER**, Insurance Commissioner, <br><br> Plaintiff, <br><br> v. <br><br> **HOSPITAL CASUALTY COMPANY**, <br><br> Defendant. | Case No. CJ-2004-6260 |

### AGREED ORDER PLACING INSURER INTO RECEIVERSHIP AND APPOINTING RECEIVER, AND PERMANENT INJUNCTION

Now on this 6th day of August, 2004, there comes for hearing the Court's August 2, 2004, Order Directing Insurer to Show Cause, Allowing Injunctive Relief and Order for Hearing. Petitioner, Carroll Fisher, Insurance Commissioner, appears by and through George Phillips, General Counsel, Oklahoma Insurance Department, and/or other counsel. Respondent Hospital Casualty Company ("HCC"), appears through counsel Robert F. Craig, Esq. Prior to appearance for hearing, the parties have met and reached an agreed resolution to Petitioner's Application, said resolution being set forth in this Agreed Order Appointing Receiver and Permanent Injunction.

The Court, having examined the Petitioner's Application and the Court's August 2, 2004, Order; having viewed the evidence presented thus far; having heard the arguments, representations and agreements of the parties; and being well advised in the premises, finds as follows:

1.  Carroll Fisher is the duly qualified and acting Insurance Commissioner of the State of Oklahoma, and as such is charged with the duty of administering and regulating the state's insurance industry. Pursuant to 36 O.S. § 1903, the Insurance Commissioner may appear in the District Court to make application for an order directing the insurer to show cause why an Order of Liquidation or Rehabilitation should not be entered and a Receiver appointed.

EXHIBIT 2

2.   This Court has jurisdiction of this action pursuant to 36 O.S. § 1902(A).

3.   Venue in this Court is appropriate pursuant to 36 O.S. § 1902(F).

4.   HCC is an Oklahoma domesticated insurance company, whose business practices qualify it as an "insurer" pursuant to Oklahoma law, and subject it to the insurance supervisory authority of, or to liquidation, rehabilitation, reorganization or conservation by the Oklahoma Insurance Commissioner. 36 O.S. § 1901(A).

5.   Pursuant to 36 O.S. § 1905, the Insurance Commissioner may apply to the District Court for an Order appointing the Insurance Commissioner as Receiver of a domestic insurer and directing the Insurance Commissioner to rehabilitate a domestic insurer upon specified grounds, including insolvency; impairment; being in a condition such that the continued operation would be hazardous to the policyholders, creditors or general public; and/or if the company has consented to such an order through a majority of its directors, stockholders, members or subscribers.

6.   On July 20, 2004, the Board of Directors of HCC unanimously consented to the entry of an order appointing Carroll Fisher, Oklahoma Insurance Commissioner, as conservator, rehabilitator and/or liquidator of HCC.

7.   On July 26, 2004, Carroll Fisher, Insurance Commissioner, and HCC entered into a Consent Order of Supervision, placing HCC under supervision pursuant to Article 18 of the Oklahoma Insurance Code, 36 O.S. § 1801, *et seq.*

**IT IS THEREFORE ORDERED AND DECREED, AND THE PARTIES AGREE THAT:**

1.   Hospital Casualty Company is hereby placed into receivership pursuant to the provisions of 36 O.S. §§ 1901 *et seq.*

2.  Carroll Fisher, Insurance Commissioner of the State of Oklahoma, is hereby appointed Receiver of Hospital Casualty Company, and presently directed to rehabilitate said entity pursuant to the laws of the State of Oklahoma.

3.  The Receiver is vested with all powers and authority, express or implied, under the provisions of 36 O.S. §§ 1901 *et seq.*, in order to liquidate or rehabilitate Hospital Casualty Company.

4.  The Receiver shall forthwith take possession of the property of Hospital Casualty Company and conduct its business until further order of the Court.

5.  The Receiver is hereby vested by operation of law with the title to all of the property, accounts, assets, contracts, rights of action and all of the books and records of Hospital Casualty Company, wherever located, now or hereafter discovered, as of the date of this Order.

6.  As Receiver, the Insurance Commissioner may appoint one or more assistant commissioners or receivers to act for him and may employ such counsel, clerks, and assistants as he deems necessary. The Insurance Commissioner's selection of Rhodes, Hieronymus, Jones, Tucker & Gable, PLLC, as counsel for the Receiver is hereby approved. The compensation of the assistant commissioners or receivers, counsel, clerks, or deputies, and all expenses of taking possession of Hospital Casualty Company, and of conducting the proceedings shall be fixed by the Insurance Commissioner, as Receiver, subject to approval of this Court, and shall be paid out of the funds or assets of Hospital Casualty Company, as appropriate and approved by the Court. Within the limits of duties imposed upon them, any assistant commissioner or assistant receiver shall possess all of the powers given to the Receiver and, in the exercise of those powers, shall be subject to all of the duties, powers and limitations imposed upon the Receiver with respect to these proceedings. 36 O.S. § 1914(F).

7. Pending the Receiver's first application to the Court for approval of administrative fees and expenses, the Receiver is authorized to utilize funds not to exceed $15,000.00 to cover the initial expenses of this receivership. These expenses shall be itemized and presented to the Court for approval in the Receiver's first application for approval of administrative fees and expenses.

8. If any legal action is commenced against the Insurance Commissioner, Receiver, assistant commissioners or receivers, retained counsel, deputies, and/or any of their employees or personnel, whether personally or in an official capacity, alleging property damage, property loss, personal injury, or other civil liability caused by or resulting from any alleged act, error, or omission of any such person, the Insurance Commissioner, Receiver, assistant commissioners or receivers, deputies, retained counsel, and/or any of their employees or personnel shall be immune from liability and indemnified as defined and set forth under 36 O.S. § 1937.

9. Until further order of the Court, no obligation, claim or debt of Hospital Casualty Company, shall be paid except those which the Receiver deems to be necessary or appropriate to facilitate the taking of possession or commencement/furtherance of rehabilitation or liquidation. Except as provided for herein, no distribution of the property of Hospital Casualty Company, will be made without approval of the Court.

10. Hospital Casualty Company and each of its respective officers, employees, directors, trustees, stockholders, shareholders, members, subscribers, agents, representatives, and all other persons, are hereby permanently enjoined and prohibited from transacting any further business of Hospital Casualty Company, and are further permanently enjoined and prohibited from wasting, transferring, selling, concealing, destroying, disbursing, disposing of, or assigning any assets, contracts, causes of action, funds, records, correspondence, memoranda, or any other documents or other property of Hospital Casualty Company, or any of its respective affiliates.

4

11. Hospital Casualty Company, its respective officers, employees, directors, affiliates, trustees, stockholders, shareholders, members, subscribers, enrollees, providers, pharmacy benefits coordinators, medical benefits coordinators, insurers, reinsurers, agents, representatives, contractors, subcontractors and all other persons, are hereby directed to assign, transfer and deliver any/all amounts owed to and/or property of Hospital Casualty Company to the Insurance Commissioner, as Receiver.

12. Any and all authority of Hospital Casualty Company's officers and directors is hereby terminated.

13. Until further order from this Court, all persons and entities (including secured creditors, unsecured creditors, claimants and/or litigants) are hereby enjoined and prohibited from wasting, transferring, selling, concealing, destroying, disbursing, disposing and assigning, in any manner, the assets and/or property of Hospital Casualty Company; and are further enjoined and prohibited from prosecuting any pending action or litigation involving Hospital Casualty Company (whether as a plaintiff or defendant) or against its insureds, provided, however, that this stay order entered by the Court regarding suits involving HCC insureds shall expire automatically on November 30, 2004, or at such time as the state guaranty association assumes the rights and obligations of HCC, whichever occurs first; obtaining any preferences, judgments, attachments, or other liens against Hospital Casualty Company or its insureds; or making any levy against Hospital Casualty Company or against its assets or any part thereof. Notwithstanding anything to the contrary herein, this stay order shall not apply to any non-HCC insured, including co-defendants.

14. Except as noted herein, in the interest of judicial economy and until further order from this Court, entry of this Order, by filing with the clerk of any court in this state with competent jurisdiction along with an affidavit of counsel of record that an HCC insured is a named party in a

lawsuit, will serve to stay any action, against the HCC insured only, either commenced or in the process of being prosecuted without further notice or the necessity of a separate motion to stay a pending or commenced action. Notwithstanding anything contrary contained herein, this stay order shall not prevent the commencement of any new action against any HCC insured, provided however that such new action shall then become subject to the provisions of this order including the stay provisions herein.

15. Any amounts recovered or recoverable from any provider, member, enrollee, subscriber, contractor, pharmacy benefits coordinator, reinsurer, stop loss carrier, or other insurer of Hospital Casualty Company shall not be reduced as a result of this delinquency proceeding.

16. The Court, having found it to be in the best interests of both Hospital Casualty Company's policyholders and the general public, and to facilitate the ability of current HCC insureds to obtain substitute coverage without undue financial harm or delay, hereby authorizes the Receiver to provide immediate refunds of unearned premiums to insureds who proceed with canceling their HCC policies prior to their contractual termination date.

17. The Court, being duly informed, authorizes the Receiver to pay any and all remaining supervision expenses which were incurred during the supervision of HCC, but which may not have been fully invoiced and paid during the supervision of HCC prior to the inception of the HCC receivership.

18. Unless otherwise ordered by this Court, any violation of this Order or the injunctive relief set forth herein shall be deemed a contempt of Court and shall subject the violating party to such penalties as allowed by law.

Signed this 6th day of August, 2004.

I, PATRICIA PRESLEY, Court Clerk for Oklahoma County, Okla., hereby certify that the foregoing is a true, correct and complete copy of the instrument herewith set out as appears of record in the District Court Clerk's Office of Oklahoma County, Okla., this ___ day of _____, 20___
By_____ PATRICIA PRESLEY, Court Clerk
                     _____ Deputy

BRYAN C. DIXON
JUDGE OF THE DISTRICT COURT

6

APPROVED:

*Robert Noll*
George Phillips, Esq., OBA #07118
General Counsel
Robert Noll, Esq., OBA #18974
Darren Ellingson, Esq., OBA #19452
Assistant General Counsel
Oklahoma Insurance Department
2401 NW 23rd St , Suite 308
P. O. Box 53408
Oklahoma City, OK 73152-3408
Telephone: (405) 521-2746
Facsimile: (405) 522-0125
*Counsel for Petitioner*


Robert F. Craig, Esq.
1321 Jones Street
Omaha, NE 68102
*Counsel for Hospital Casualty Company*